UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>MANUEL EDWIN MARTINEZ,<br>    Defendant. | Case No. 2:22-cr-00135-GMN-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 41] |

Pending before the Court is Defendant's motion to dismiss indictment. Docket No. 41. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 41, 47, 50. For the reasons more fully discussed below, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED**.

**I.  BACKGROUND**

On June 14, 2022, a grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Docket No. 1. Defendant has sustained prior felony convictions.

Defendant now asks the Court to dismiss the indictment against him for outrageous government conduct. Docket No. 41. Defendant submits that, on January 12, 2023, his former girlfriend drove him to a gas station and that she exited the vehicle. *Id*. at 2. He states that he was rummaging through his duffle bag inside the car when, suddenly, glass exploded all around him. *Id*. Defendant states that he realized police were shooting at him and that he needed to get away from the shots. *Id*. at 2-3. Defendant submits that the police officers reported he had fired a gun at them, but an investigation revealed that there was no physical evidence to support the contention that he had shot at the police officers. *Id*. Defendant submits that, after he left the scene, a police officer found a gun in his patrol car. *Id*. at 4-5.

Defendant submits that the police conduct was outrageous because there was no probable cause to believe he posed a threat of serious physical harm to enable officers to shoot at him. *Id*. at 7. Defendant further submits that the police officers lied that Defendant had fired a gun at them, which constitutes grossly shocking and outrageous conduct that violated his due process rights. *Id*.

In response, the United States submits that, when Defendant's former girlfriend exited the vehicle at the gas station, she mouthed "help me" to the police officers. Docket No. 47 at 3. The United States submits that Defendant exited his former girlfriend's vehicle with a pistol in his hand and raised it. *Id*. As Defendant raised the firearm, the United States submits, both police officers believed they heard Defendant fire the pistol and, as a result, the police officers believed their lives and the life of Defendant's former girlfriend were in immediate danger, so they fired at Defendant as they backed away. *Id*. The United States submits that Defendant was hit, fell to the ground and, after disregarding officers' commands, crawled partially into the patrol car and discarded the firearm inside the patrol car. *Id*. The United States submits that Defendant continued to disregard commands, crawled out of the vehicle, and ran away – only to collapse near railroad tracks in an empty lot. *Id*. Further, the United States submits that Defendant's DNA was found on both the firearm and its magazine. *Id*. at 6.

The United States submits that the police conduct fell within the bounds of reasonable law enforcement tactics. *Id*. at 11-12. The United States further submits that the facts do not demonstrate that law enforcement physically or mentally coerced Defendant to commit a crime. *Id*. at 12. Further, the United States submits that, as police officers found themselves in a situation where they felt they were in immediate danger, their conduct was reasonable and dismissal is not warranted. *Id*.

In reply, Defendant submits that, although entrapment is the most common example of outrageous law enforcement conduct, it is not the only form of outrageous government conduct. Docket No. 50 at 11. Defendant submits that the officers shot him without cause and then later lied that he had shot at them first. *Id*. Defendant submits that shooting him without cause rises to the level of outrageous government conduct. *Id*.

2

## II. DISCUSSION

### A. Evidentiary Hearing

The United States Court of Appeals for the Ninth Circuit has held that an evidentiary hearing on a motion need only be held if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (citing *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990); *United States v. Irwin*, 613 F.2d 1182, 1187 (9th Cir. 1980); *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972). The Court will not hold a hearing on a defendant's pre-trial motion "merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required." *Howell*, 231 F.3d at 621 (citing *Harris*, 914 F.2d at 933). The determination of whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court. *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.), *amended by* 609 F.2d 433 (1979). In the instant case, Defendant did not request an evidentiary hearing and, in any event, the moving papers fail to "allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist." *Howell*, 231 F.3d at 620. The Court will therefore decide the motion on the moving and responsive papers.

### B. Dismissing an Indictment for Outrageous Government Conduct

In *United States v. Russell*, 411 U.S. 423, 431-32 (1973), the Supreme Court held that outrageous government conduct occurs when the actions of law enforcement officers are "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." A dismissal of an indictment for outrageous government conduct is rooted in the due process clause of the Fifth Amendment of the Constitution which provides, "no person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V.

The Ninth Circuit has held that dismissal of an indictment for outrageous government conduct is "limited to extreme cases" in which the defendant can demonstrate that the

government's conduct "violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011).  This is an "extremely high standard." *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (citing *United States v. Garza-Juarez*, 992 F.2d 896, 904 (9th Cir. 1993)). Because there is no bright line rule establishing when law enforcement's conduct goes from acceptable to outrageous, each case must be resolved on its own facts, considering the totality of the circumstances. *Black*, 733 F.3d at 302, 304.

Here, Defendant fails to demonstrate that the police officers' conduct was outrageous. While Defendant claims that the police officers shot at him without cause, the totality of the circumstances demonstrates that the police officers reacted reasonably to the situation.  Thus, the Court finds the officers' conduct did not violate fundamental fairness. *See United States v. Gurolla,* 333 F.3d 944, 950 (9th Cir. 2003) (dismissal for outrageous government conduct limited to "extreme cases in which the government's conduct violates fundamental fairness and is shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment").  Therefore, the Court finds that Defendant's motion is properly denied.

### III. CONCLUSION

For the reasons more fully discussed above, **IT IS RECOMMENDED** that Defendant's motion to dismiss the indictment be **DENIED**.  Docket No. 41.

Dated: April 9, 2024

Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file

a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).