**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>                          Plaintiff,       )<br>         vs.                                                )<br>                                                              )<br> MANUEL EDWIN MARTINEZ,           )<br>                                                              )<br>                          Defendant.   )<br> _____)  | Case No.: 2:22-cr-00135-GMN-NJK-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Nancy J. Koppe, (ECF No. 52), recommending the Court deny Defendant Manuel Edwin Martinez's Motion to Dismiss Indictment Under *Bruen* ("Mot. Dismiss"), (ECF No. 43). Defendant timely filed an Objection, (ECF No. 56), to which the Government filed a Response, (ECF No. 61).

For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation, **DENIES** Defendant's Motion to Dismiss, and **OVERRULES** the Objection.

**I.  BACKGROUND**

Defendant is charged with one count of being a Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1) and 924(a)(2). (Indictment, ECF No. 1). Defendant filed a Motion to Dismiss the Indictment, contending that § 922(g)(1) violates the Second Amendment. (Mot. Dismiss, ECF No. 43). The Magistrate Judge issued an R&R, recommending that the Court find the plain text of the Second Amendment does not cover Defendant, and even if did, the underlying statute is constitution. (*See generally* R&R, ECF No. 52). Defendant then filed an Objection, (ECF No. 56), contending that the Magistrate Judge erred in her conclusions.

///

## II. LEGAL STANDARD

### A. Standard of Review for Magistrate Judge R&R

Local Rule IB 3-2 states that "any party may file specific written objections to the findings and recommendations of a magistrate judge made pursuant to Local Rule IB 1-4." 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b). Accordingly, the Court will conduct a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which objections were made.

### B. Dismissal of Indictment

Dismissal of criminal charges is "appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991). A violation of due process arises when there exists governmental conduct that is "'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *Id.* (citing *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991)). With universal considerations of justice in mind, a federal court may use its supervisory powers "to implement a remedy for violation of recognized rights; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury; and finally as a remedy to deter illegal conduct." *United States v. Hasting*, 461 U.S. 499, 505 (1983).

///
///
///
///

## III. DISCUSSION

Defendant moves to dismiss the charge against him on the grounds that § 922(g)(1) fails the "historical traditional" test articulated in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and thus violates the Second Amendment. (*See generally* Mot. Dismiss). Under § 922(g)(1), it is unlawful for "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g)(1). Such restrictions on access to firearms must be assessed against the Second Amendment right to "keep and bear arms." U.S. Const. amend II.

In the wake of the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Ninth Circuit employed a two-step test for determining whether arms regulations violate the Second Amendment. *See, e.g., United States v. Chovan*, 735 F.3d 1127, 1136–37 (9th Cir. 2013). The Supreme Court in *Bruen* recently shortened and clarified that test, in large part by discarding its second step. *See Bruen*, 597 U.S. at 17–19. Now, courts must first determine the threshold matter of whether "the Second Amendment's plain text covers an individual's conduct"; if so, "the Constitution presumptively protects that conduct." *Id.* at 17. A regulation of protected conduct may still be upheld if the government can demonstrate that it is "consistent with this Nation's historical tradition of firearm regulation." *Id.*

The Magistrate Judge recommended that even under this revised framework, § 922(g)(1) passes constitutional muster. She found that the Ninth Circuit already upheld § 922(g)(1) against a Second Amendment challenge in *United States v. Vonxgay*, 594 F.3d 1111, 1118 (9th Cir. 2010), and this Court is bound to apply Ninth Circuit precedent. (R&R 7:5–9:25). Defendant objects to this recommendation. (Obj. 2:13–5:17). Accordingly, the Court considers whether it remains bound by the Ninth Circuit's decision in *Vonxgay*.

A. **Whether *Vongxay* Was Abrogated by *Bruen***

In *Vongxay*, the Ninth Circuit examined the historical tradition of felon firearm bans. *Vonxgay*, 594 F.3d at 1117–18. It found that "'the right to bear arms was 'inextricably . . . tied to' the concept of a 'virtuous citizen[ry] . . . and that the right to bear arms does not preclude laws disarming the unvirtuous citizen (i.e.[,] criminal).'" *Id.* (quoting Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 LAW & CONTEMPT. PROBS. 143, 146 (1986)). After *Vongxay* was published, the Supreme Court invalidated part of the Ninth Circuit's prior test for assessing constitutionality under the Second Amendment. *See Bruen*, 597 U.S. at 18-19. According to Defendant, the Ninth Circuit's recent decision in *Teter v. Lopez*, 76 F.4th 938 (9th Cir. 2023), *reh'g en banc granted, opinion vacated*, 93 F.4th 1150 (9th Cir. 2024), demonstrates that *Vongxay* has been abrogated by *Bruen* and is no longer good law. (Obj. 2:13–5:17).

In *Teter*, the Ninth Circuit examined whether a Hawaii statute that made it a misdemeanor to knowingly manufacture, sell, transfer, or possess a butterfly knife, with no exceptions, was prohibited by the Second Amendment. *Teter,* 76 F.4th at 942. In answering this question, the Ninth Circuit applied the test set forth in *Bruen*, finding first that bladed weapons facially constitute "arms" within the meaning of the Second Amendment. *Id*. at 949. It concluded that because the plain text of the Second Amendment includes bladed weapons, which also includes butterfly knives, the Second Amendment "presumptively guarantees keeping and bearing such instruments for self-defense." *Id.* (quotation omitted). It then required Hawaii to show that the statute at issue was consistent with this Nation's historical tradition of regulating weapons. *Id.* at 950.

The Ninth Circuit agreed that the statute purportedly addressed a general societal problem of easily concealable, foldable knives being used in crimes which was a problem that had persisted since the 18th century. *Id.* However, it noted that Hawaii failed to provide any

analogues where Congress or any state legislature imposed an outright ban on the possession of pocketknives to remedy this problem "near 1791 or 1868." *Id.* at 954.  Instead, the record showed that earlier generations addressed the societal problem of knife violence through other means than outright bands on certain types of pocketknives. As such, the statute violated the Second Amendment. *Id.*

Following *Teter*, district courts within the Ninth Circuit, including the District of Nevada, have found *Vonxgay* is not abrogated.[1] *See, e.g., United States v. Still*, No. 2:22-cr-00074, 2023 WL 8482856, at *3 (E.D. Wash. Dec. 7, 2023); *United States v. Gamble*, No. 2:22-cr-00267, 2023 WL 6460665, at *3 (D. Nev. Oct. 4, 2023); *United States v. Robinson*, No. 2:22-cr-00212, 2023 WL 5634712, at *5 (W.D. Wash. Aug. 31, 2023); *United States v. Filoial*, No. 3:21-cr-00052, 2023 WL 5836689, at *3–4 (D. Alaska Aug. 25, 2023).  Instead, "*Teter* at most represents the Ninth Circuit's intention to abrogate Second Amendment precedent that [cannot] pass *Bruen*'s textual and historical-tradition test." *United States v. Brown*, No. 2:22-cr-00214, 2023 WL 7017622, at *4 (D. Nev. Oct. 25, 2023).  Critically, ["t]he *Vongxay* court did examine the text of the of the Second Amendment and the historical tradition of restricting felons' gun rights," and "identified analogous historical regulations that excluded felons from militias and the right to bear arms." *Id.* (citing *Vongxay*, 594 F.3d at 1117–18).  Because the *Vongxay* court performed a historical-tradition analysis and concluded that history supports gun-possession limits on felons, it is consistent with *Bruen*. *See Robinson*, 2023 WL 6534712, at *5 (explaining that because the *Vongxay* court "looked at the text of the Second Amendment" and "considered historical understanding," its examination and conclusion "demonstrate[s] a compatibility with *Bruen*, not a fundamental inconsistency").  Therefore, *Vongxay* remains good law, and this Court is bound to follow its holding that § 922(g)(1) does

---

[1] More broadly speaking, *Teter* seems a poor comparison to *Vongxay*.  *Teter* addressed "butterfly knives" not firearm disarmament as codified in § 922(g)(1). *Compare Vongxay*, 594 F.3d at 1117-18 with *Teter*, 76 F.4th at 942.

not violate the Second Amendment. *See Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) (holding that district courts are bound by the decisions of their home circuit). Accordingly, Defendant's Objection is OVERRULED.

**B. Whether § 922(g)(1) is Consistent with The Historical Tradition of Firearm Regulation**

Assuming for the sake of argument that Defendant was covered by the Second Amendment, § 922(g)(1) is consistent with this Nation's historical tradition of firearm regulation.

Less than two months ago, the Ninth Circuit in *United States v. Perez-Garcia* rejected a Second Amendment challenge to the Bail Reform Act ("BRA") and upheld a provision of the BRA that authorizes the disarmament of pretrial releases. 96 F.4th 1166, 1181 (9th Cir. 2024). The Ninth Circuit found a "lengthy and extensive Anglo-American tradition of disarming individuals who are not law-abiding, responsible citizens," and "whose possession of firearms would pose an unusual danger, beyond the ordinary citizen, to themselves or others." *Id.* at 1186.  Comparing that historical tradition to the disarmament provision of the BRA, the court found relevant similarities in "how" and "why" the historic and modern regulations burdened Second Amendment rights. *Id.* at 1184.  Recognizing that disarmament occurs only upon "individualized findings of dangerousness," the court upheld the law as a "clear exercise of Congress' historical legislative power to disarm those who are 'judged to be a threat to the public safety.'" *Id.* at 1189 (quoting *Kanter v. Barr*, 919 F.3d 437, 458 (7th Cir. 2019) (Barrett, J., dissenting)).

Although the Ninth Circuit did not examine § 922(g)(1), its canvassing of historical sources in finding a history and tradition of disarmament "strongly suggests that [§] 922(g)(1) remains constitutional after *Bruen*." *United States v. Cao*, No. 22-cr-0028, 2024 WL 1533888, at *3 n.3 (W.D. Wash. Apr. 9, 2024).  Independent of the Ninth Circuit's decision in *Perez-*

*Garcia*, the District of Nevada has engaged in *Bruen*'s textual and historical-traditional analysis in finding that § 922(g)(1) is constitutional. *See, e.g.*, *United States v. Alvarez-Mora*, No. 3:22-cr-00006, 2024 WL 1638382, at *3–6 (D. Nev. Apr. 15, 2024). The Court adopts the reasoning of *Alvarez-Mora* as well as the Government in its Response, (Resp. 10:6–14:13, ECF No. 48), to Defendant's Motion to Dismiss, and finds that § 922(g)(1) "is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 1.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation, (ECF No. 52), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's to Dismiss, (ECF No. 43), is **DENIED**, and his Objection, (ECF No. 56), is **OVERRULED**.

**DATED** this __6__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court