UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MANUEL EDWIN MARTINEZ, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:22-cr-00135-GMN-NJK-1 <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Nancy J. Koppe, (ECF No. 55), recommending the Court deny Defendant Manuel Edwin Martinez's Motion to Dismiss Indictment for Due Process Violation ("Mot. Dismiss"), (ECF No. 41). Defendant timely filed an Objection, (ECF No. 62), to which the Government filed a Response, (ECF No. 69).

For the reasons discussed below, the Court **ADOPTS** the R&R, **DENIES** Defendant's Motion to Dismiss, and **OVERRULES** the Objection.

I.   **BACKGROUND**

Defendant is charged with one count of Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1) and 924(a)(2). (Indictment, ECF No. 1). The specific facts leading to the discovery of the firearm underlying the Indictment are outlined below.

In January 2022, Defendant asked his former girlfriend, H.E., to drive him to a hospital to receive treatment for an infection. (H.E. Voluntary Statement at 3, Ex. B to Mot. Dismiss, ECF No. 41-2). H.E. agreed and picked up Defendant. (*Id.*). As they drove towards the hospital, however, Defendant had a change of heart, and told H.E. that he now planned to take a bus to Denver, Colorado. (*Id.*). Defendant asked if they could first go to a lookout spot to see the lights of Las Vegas. (*Id.*). H.E. again agreed. (*Id.*). After this detour, Defendant then requested

1  H.E. drive him to her house, but she refused. (*Id.*).  Defendant became agitated and threatened
2  to "go crazy." (*Id.*).  H.E. knew that Defendant had a backpack with him in which he carried a
3  pistol. (*Id.* at 7–8).

4      H.E. decided to look for a place with people to get help. (*Id.* at 4).  H.E. told Defendant
5  she needed cigarettes and pulled into a gas station on South Las Vegas Boulevard. (*Id.*).  H.E.
6  noticed a Las Vegas Metropolitan Police Department ("LVMPD") patrol vehicle and parked
7  beside it before exiting her vehicle. (*Id.*).  Officers Lee and Falldorf were inside the patrol
8  vehicle. (*See generally* FIT Report, Ex. C to Mot. Dismiss, ECF No. 41-3).  H.E. mouthed
9  "help me" to the Officers as she walked by them. (H.E. Voluntary Statement at 4, Ex. B to Mot.
10 Dismiss).  The parties dispute what happened next.  The Court summarizes each party's version
11 of what transpired below.

12     **A. Government's Version of Law Enforcement's Encounter with Defendant**
13     According to the Government, Officers Lee and Falldorf exited their patrol car after
14 seeing H.E. mouth "help me." (FIT Report at 15–16, Ex. C to Mot. Dismiss).  As they
15 approached H.E.'s vehicle, Defendant exited the car and pointed a handgun at them. (*Id.*).
16 Officers thought that Defendant shot at them and returned fire. (*Id.* at 16).  Five rounds struck
17 Defendant, as he fell to the ground between H.E.'s car and the patrol vehicle. (*Id.*).  Defendant
18 crawled partway inside the patrol vehicle, where he placed the pistol between the driver seat
19 and center radio console. (*Id.* at 16, 18).  Defendant was later apprehended, and his pistol was
20 recovered. (*See generally id.*).

21     **B.  Defendant's Version of His Encounter with Law Enforcement**
22     According to Defendant, he remained in the vehicle after H.E. stepped out to purchase
23 cigarettes. (Def. Voluntary Statement at 10, Ex. A to Mot. Dismiss, ECF No. 41-1).  Defendant
24 reached into a duffle bag to make sure he was packed for the bus when he heard gun fire and
25 the windshield to H.E.'s car crack. (*Id.* at 11–12).  Defendant does not dispute that he possessed

a firearm or that he placed the firearm in the patrol vehicle. (Mot. Dismiss 8:13–18).  Instead, he contends that he did not step out of H.E.'s vehicle or point a firearm at law enforcement. (Obj. 3:8–13, ECF No. 62).  Under his version of the facts, law enforcement shot at him "simply because a woman mouthed help me." (*Id.* 4:6–7).

### C. Defendant's Motion to Dismiss and the Magistrate Judge's R&R

Defendant moved to dismiss the charge against him on the grounds that law enforcement acted outrageously in shooting him without probable cause, and purportedly "lie[ing]" about Defendant shooting at them after he exited the vehicle. (Mot. Dismiss 6:12–16, ECF No. 41). The Magistrate Judge recommended that the Court deny Defendant's Motion because, under "the totality of the circumstances," the "police officers reacted reasonably to the situation." (R&R 4:8–10, ECF No. 55).  The Magistrate Judge further recommended the Court not conduct an evidentiary hearing because Defendant "did not request an evidentiary hearing and, in any event," he failed to identify a dispute of material fact that would warrant a hearing. (*Id.* 3:15–18).  Defendant then filed a timely Objection.

## II.  LEGAL STANDARD

### A. Standard of Review for Magistrate Judge R&R

Local Rule IB 3-2 states that "any party may file specific written objections to the findings and recommendations of a magistrate judge made pursuant to Local Rule IB 1-4." 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the report and recommendation to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).  Accordingly, the Court will conduct a *de novo* review of the portions of the Magistrate Judge's R&R to which objections were made.

///

### B. Dismissal of Indictment

Dismissal of criminal charges is "appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991). A violation of due process arises when governmental conduct is "'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *Id.* (citing *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991)). With universal considerations of justice in mind, a federal court may use its supervisory powers "to implement a remedy for violation of recognized rights; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury; and finally as a remedy to deter illegal conduct." *United States v. Hasting*, 461 U.S. 499, 505 (1983).

### III. DISCUSSION

Defendant argues that the Magistrate Judge erred in writing that he did not request an evidentiary hearing,[1] and that a hearing is warranted to reconcile the differing version of events proffered by the parties. (Obj. 3:3–18). According to Defendant, if a hearing corroborated his version of events, then law enforcement acted outrageously, and the Indictment should be dismissed. (*Id.* 3:19–4:14). The Court disagrees. As discussed below, an evidentiary hearing is not warranted because even adopting Defendant's version of events as true, law enforcement did not act outrageously warranting dismissal of the Indictment.

Outrageous government conduct occurs when the actions of law enforcement officers or informants are "so outrageous that due process principles would absolutely bar the government from invoking the judicial processes to obtain a conviction.'" *United States v. Black*, 733 F.3d

---

[1] Defendant did in fact request an evidentiary hearing in his Reply. (Reply 4:6–8, 6:11–13, ECF No. 50). Nevertheless, because law enforcement did not act outrageously even under Defendant's version of events, the Court finds an evidentiary hearing is unnecessary. *See United States v. Leveille*, 649 F. Supp. 3d 1174, 1180 (D. N.M. 2023) ("[T]he Court need not determine whether [Defendant's] characterization of events is accurate to determine whether the outrageous government conduct defense applies.").

294, 302 (9th Cir. 2013) (quoting *United States v. Russell*, 411 U.S. 422, 431–32 (1973)).  For a defendant to succeed on this ground, he has the burden of showing government conduct "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991).  This is an "extremely high standard." *Black*, 733 F.3d at 302.  It generally requires the defendant to show "the generation by police of new crimes merely for the sake of pressing criminal charges against the defendant." *See United States v. Ramirez*, 710 F.2d 535, 540 (9th Cir. 1983).  "The government's involvement must be *malum in se* or amount to the engineering and direction of the criminal enterprise from beginning to end." *United States v. Citro*, 842 F.2d 1149, 1153 (9th Cir. 1988).

The Ninth Circuit has dismissed an indictment because of outrageous government conduct in a published decision only once. *See Greene v. United States*, 454 F.2d 783 (9th Cir. 1971).  In *Greene*, the government initiated contact with the defendant for the purpose of running an illegal bootlegging operation, supplied the equipment and raw materials for that operation, and was defendant's sole customer for two-and-a-half years. *Id.* at 786–87.  The Ninth Circuit held that the government could not "involve itself so directly and continuously over such a long period of time in the creation and maintenance of criminal operations, and yet prosecute its collaborators." *Id.* at 787.  "The type of nexus in *Greene* between the allegedly outrageous conduct and securing an indictment or conviction is not present in this case." *United States v. Domniguez-Caicedo*, 40 F.4th 938, 949 (9th Cir. 2022).

Here, the Government had no role in creating the charged crime, did not encourage Defendant to participate in his charged crime, and did not participate in the offense conduct. Defendant is charged with Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1). "Commission of this crime requires no 'act' other than knowing possession of a firearm by a convicted felon." *United States v. Beasley*, 346 F.3d 930, 934 (9th Cir. 2003) (quoting *United States v. Canon*, 993 F.2d 1439, 1441 (9th Cir. 1993)).  Defendant neither disputes that he

possessed a gun before his contact with law enforcement nor his awareness of his felony status. (*See generally* Mot. Dismiss); (Reply); (Obj.). Thus, the commission of the charged offense was completed by Defendant without engineering, direction, or coercion (either physical or mental) from law enforcement. *See Black*, 733 F.3d at 302. Because the charged offense was completed before law enforcement became involved, the Court finds the outrageous conduct defense is inapplicable. *See United States v. Haynes*, 216 F.3d 789, 797 (9th Cir. 2000) (commenting that "the outrageous conduct defense is generally unavailable where the criminal enterprise was already in progress before the government became involved"); *United States v. Simtob*, 901 F.2d 799, 809 (9th Cir. 1990) (rejecting outrageous government misconduct claim, even where evidence was indisputably destroyed by a government informant, because he "did not create the crime, or otherwise act in so central a fashion as to fall within the narrow doctrine of outrageous government misconduct").

Taking Defendant's version of events as true, a plausible argument can be made that law enforcement exercised poor judgment. But "[a]llegedly poor police work hardly constitutes outrageous government conduct." *United States v. McClelland*, 72 F.3d 717, 721 (9th Cir. 1995); *see also United States v. Wiley*, 794 F.2d 514, 515 (9th Cir. 1986) ("Because the conduct must shock the conscience, however, outrageous government conduct is not to be equated with negligence or poor judgment.").[2] *See United States v. Gray*, No. 18-cr-01695, 2023 WL 4595981, at *4 (D. Ariz. July 18, 2023) ("The defense can bring out Detective Barber's allegedly shoddy police work at trial to show that the investigation was inadequate and/or there was a rush to judgment in charging the defendant with crimes.). "That is the remedy for poor police work, not dismissal of the [I]ndictment." *Id*.

In sum, the Court finds that there is no need for an evidentiary hearing because, even taking Defendant's version of events as true, he has not shown that law enforcement engaged in

---

[2] Defendant could potentially pursue monetary damages in a civil lawsuit pursuant to 42 U.S.C. § 1983.

outrageous conduct warranting dismissal of the Indictment. Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation, OVERRULES Defendant's Objection, and DENIES his Motion to Dismiss.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation, (ECF No. 55), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's to Dismiss, (ECF No. 41), is **DENIED**, and his Objection, (ECF No. 62), is **OVERRULED**.

**DATED** this __17__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court