UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>             )<br>       Plaintiff, )<br>             )<br>vs.          )<br>             )<br>MANUAL EDWIN MARTINEZ, )<br>             )<br>       Defendant. )<br>             ) | Case No.: 2:22-cr-00135-GMN-NJK-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Pending before the Court is the Motion for Reconsideration, (ECF No. 72), filed by Defendant Manual Edwin Martinez.  Defendant is charged with one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (*See generally* Indictment, ECF No. 1).

Defendant argues reconsideration of the Court's Order denying his Motion to Dismiss, (ECF No. 64), is warranted following the United States Court of Appeals for the Ninth Circuit's decision in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). (Mot. Reconsideration 3:17–6:7).  He argues that under *Duarte*, the Indictment must be dismissed because § 922(g)(1) is unconstitutional. (*Id.*).  After Defendant filed his Motion, the Ninth Circuit granted a rehearing *en banc*. *Duarte*, 101 F.4th 657, *reh'g en banc granted, opinion vacated*, 2024 WL 3443151 (9th Cir. July 17, 2024).  Because the Ninth Circuit granted a rehearing *en banc*, the three-judge panel decision in *Duarte* is vacated and no longer binding except to the extent it is adopted by the *en banc* court.[1] *See* Advisory Committee Notes, Fed. R. App. P. 35-1 to 35-3.  Unless and

---

[1] Even if the Ninth Circuit did not grant a rehearing *en banc*, *Duarte* does not support dismissing the Indictment.  The *Duarte* court held that § 922(g)(1) was unconstitutional as applied to the defendant Steven Duarte because his nonviolent crimes (vandalism, felon in possession of a firearm, possession of a controlled substance, and two convictions for evading a peace officer) "were not of sufficient severity to be analogous for historical reasons for felon disarmament." *United States v. Harris*, No. 2:20-cr-00679, 2024 WL 2260907, at *4 n.1 (D.N.J. May 17, 2024) (citing *Duarte*, 101 F.4th at 691).  Steven Duarte's nonviolent predicate convictions are distinguishable

until the *en banc* court adopts the reasoning of the three-judge panel, the Court will adhere to the Ninth Circuit's decision in *United States v. Vonxgay*, 594 F.3d 1111, 1118 (9th Cir. 2010), which upheld § 922(g)(1) against a Second Amendment challenge, and subsequent district court cases finding that § 922(g)(1) is consistent with this Nation's historical tradition of firearm regulation. *See e.g.*, *United States v. Alvarez-Mora*, No. 3:22-cr-00006, 2024 WL 1638382, at *3–6 (D. Nev. Apr. 15, 2024); *United States v. Brown*, No. 2:22-cr-00214, 2023 WL 7017622, at *5 (D. Nev. Oct. 25, 2023).

      Finally, the Supreme Court's recent decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), does not alter this analysis. *Rahimi* concerned whether § 922(g)(8), which prohibits the possession of firearms by persons subject to domestic violence restraining orders, infringes the Second Amendment. *Rahimi*, 144 S. Ct. at 1895–96.  The Court upheld that statute. *Id.* at 1898. The majority's decision turned on the necessity of an individualized finding that the defendant posed a threat to the physical safety of another in cases implicating § 922(g)(8). *Id.* at 1901.  In that respect, the analysis in *Rahimi* does not speak to § 922(g)(1), which applies categorically to adjudicated felons who possess firearms.  "However, the majority's discussion of the long history of firearm regulations prohibiting dangerous persons from possessing arms aligns with the conclusion of the courts above: that § 922(g)(1), limited as it is to adjudicated felons, is consistent with the nation's historical tradition of firearm regulation." *United States v. Morales*, No. 24-cr-84, 2024 WL 3345982, at *2 (S.D.N.Y. July 8, 2024) (citing *Rahimi*, 144 S. Ct. at 1901).

      Accordingly, because the prohibition against felons possessing firearms found in § 922(g)(1) is consistent with the Nation's regulatory tradition of firearm regulation, Defendant's Motion for Reconsideration, (ECF No. 72), is **DENIED without prejudice**.

---

from Defendant's violent predicate convictions for attempted murder and assault with a deadly weapon causing serious bodily injury. (Superseding Indictment at 2).  In short, *Duarte* did not hold that § 922(g)(1) is facially unconstitutional, and the facts underlying the panel's holding are not present here.

Defendant may renew his motion after the *en banc* court's decision if it is applicable to his predicate convictions.

**DATED** this  18  day of July, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court